Patrick M. Flatley
United States Bankruptcy Judge

Dated: Friday, September 18, 2015 3:09:09 PM

# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IRENE L. SILER, | ) | Case No. 11-bk-1518 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 13-ap-46 |
| | ) | |
| DONALD J. SILER, JR., as Executor of | ) | |
| the Death Estate of Irene L. Siler, and | ) | |
| THOMAS H. FLUHARTY, as the Chapter | ) | |
| 7 Trustee Administering the Bankruptcy | ) | |
| Estate of Irene L. Siler, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION and ORDER

Pending before the court are cross motions for summary judgment. Nationstar Mortgage, LLC ("Nationstar"), seeks summary judgment on its complaint seeking a declaration that it holds a valid lien against the former residence of Irene Siler (the "Debtor"), which is located at 28 Bunting Avenue, Martinsburg, West Virginia (the "Property").[1] Donald J. Siler, Jr., as the Executor of the Debtor's death estate, and Thomas H. Fluharty, the Chapter 7 trustee (the

---

[1] On June 29, 2015, the court granted the Chapter 7 trustee's Motion to Sell Property and Notice of Upset Bid Procedures, which sought to sell the Property. In authorizing the sale free and clear of liens and interests under § 363(f)(4) of the Bankruptcy Code, the court ordered that any valid liens against the Property attach to the proceeds of the sale. Thus at this point Nationstar seeks to enforce its purported lien in those proceeds.

1

"Trustee") administering the deceased Debtor's bankruptcy estate (collectively, the "Defendants"), seek summary judgment that the Trustee has an interest in the Property superior to that of Nationstar, and that Nationstar does not have standing to pursue its cause of action in this proceeding.

For the reasons stated herein, the court will deny both motions for summary judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

2

## II. BACKGROUND

On September 13, 2006, the Debtor borrowed $197,500 from Taylor Bean & Whittaker Mortgage Corp. ("TBW"). To secure her promise to repay the loan (the "Note"), she executed a Deed of Trust conveying legal title in the Property to TBW as collateral securing the Note. The Deed of Trust nominated Mortgage Electronic Registration Services ("MERS") as the beneficial nominee of TBW. On October 1, 2007, however, MERS assigned its rights in the Deed of Trust back to TBW. TBW was thus the holder of the Note and Deed of Trust as of August 2009 when it ceased operating and filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida.

On August 23, 2011, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code in this court. Between the petition date and when the Debtor received her discharge under § 727 of the Bankruptcy Code on December 21, 2011, Ocwen Loan Servicing, LLC ("Ocwen"), Nationstar's predecessor-in-interest in this proceeding, executed an Affidavit of Lost Assignment stating that TBW assigned its interest in the Deed of Trust to Ocwen, but that Ocwen lost the assignment before recording it. The Trustee subsequently declared the Debtor's case to be a "no-asset case"—one without sufficient unencumbered, nonexempt assets to provide a dividend payable to unsecured creditors, and the court closed the case on February 28, 2012.

In the interim, however, Ocwen filed a Petition to Recognize Unrecorded Assignment (the "Complaint") in the Circuit Court of Berkeley County, West Virginia (the "Berkeley County Court"). In its Complaint, which alleges at numbered paragraph seven that "[i]t appears such assignment(s) either were never completed or never recorded," Ocwen (hereinafter, "Nationstar") specifically seeks "[t]hat the aforementioned Deed of Trust be reformed in order to incorporate an assignment of the Security Instrument between [TBW] and [Nationstar] into the Clerk's records."

On February 6, 2013, the Office of the United States Trustee ("UST") filed a Motion to Reopen Case on the basis that a previously-unknown asset was available for liquidation and distribution to creditors.[2] The Debtor subsequently answered the Complaint in the Berkeley County Court, and on May 30, 2013, the Trustee filed a Motion to Intervene in the action, which

---

[2] Notably, the Debtor did not amend her Schedule B to disclose a previously-unidentified asset, so the court presumes that the asset to be administered by the Chapter 7 trustee is the anticipated equity in the Property created if the Defendants are successful in this proceeding.

3

the Berkeley County Court authorized by order dated July 22, 2013. On August 21, 2013, the Debtor removed Nationstar's action against her to this court.

### III. DISCUSSION

The Defendants seek summary judgment on two grounds: 1) that Nationstar does not have standing to assert an interest in the Note and Deed of Trust; and 2) that the Trustee's status as a bona fide purchaser under § 544(a)(3) of the Bankruptcy Code gives him an interest in the Property that is superior to Nationstar's purported security interest.

Nationstar asserts that it is entitled to summary judgment on its Complaint because it is the holder of the Debtor's Note, which is indorsed in blank. It contends that it, as the holder of the Note, is entitled to enforce the Deed of Trust such that the court should recognize its lien against the Property. Alternatively, it claims that it is entitled to summary judgment because the Affidavit of Lost Assignment executed by Clara Taborda on October 18, 2011, otherwise establishes its rights in the Note and Deed of Trust.

**A. The Trustee's status as a Bona Fide Purchaser.**

The Defendants contend that the Trustee's status as a bone fide purchaser under § 544(a)(3) gives him an interest in the Property superior to that asserted by Nationstar or any other entity with a purported security interest therein.[3] In support of their assertion, the Defendants contend that although TBW recorded its Deed of Trust against the Property prepetition, no entity can have a superior interest to the Trustee because TBW was defunct and bankrupt as of the Debtor's petition date such that the Trustee did not have notice, constructive or otherwise, of a security interest in the Property.

In response, Nationstar asserts that the Trustee's status as a bone fide purchaser under § 544(a)(3) does not provide relief in the context of this proceeding because the Trustee had constructive notice of a security interest in the Property as of the petition date. Additionally, Nationstar contends that the Trustee's avoidance power under § 544 does not extend to assignments of notes and deeds of trust among creditors.

---

[3] It appears to the court that, for whatever reason, counsel for the Defendants copied the second paragraph (beginning on p. 9 of their Memorandum of Law in Support of Their Motion for Summary Judgment) of the their legal argument regarding § 544(a)(3), almost verbatim and without attribution, from *In re Morgan*, 96 B.R. 615, 618 (Bankr.N.D.W. Va. 1989). The court cautions counsel against such a practice.

Section 544(a) provides, in relevant part, that a bankruptcy trustee has "the rights and powers of, or may avoid any transfer of property of the debtor . . . that is avoidable by—(3) a bona fide purchaser of real property . . . ." 11 U.S.C. § 544(a)(3). Although the Bankruptcy Code confers upon a trustee the status of a bona fide purchaser, the extent of the rights that flow therefrom is determined by state law. *In re Project Homestead, Inc.*, 374 B.R. 193, 204 (Bankr.M.D.N.C. 2007) (citing *Crestar Bank v. Neal (In re Kitchin Equip. Co. of Va.)*, 960 F.2d 1242, 1245 (4th Cir. 1992)).

In West Virginia, "[a] bona fide purchaser of land is 'one who purchases for a valuable consideration . . . without notice of any suspicious circumstances to put him upon inquiry.'" *Wolfe v. Alpizar*, 219 W. Va. 525, 529 (2006) (quoting *Stickley v. Thorn*, 87 W. Va. 673, 678 (1921)). The law protects bona fide purchasers of real property by voiding, "as to creditors, and subsequent purchasers for valuable consideration without notice" any deed of trust or other transfer of title to property not properly recorded in the county in which the property lies. *See* W. Va. Code § 40-1-9 (providing that unrecorded deeds of trust, among other instruments, "shall be void as to . . . purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such . . . deed of trust . . . may be"). "However, the trustee, as a bona fide purchaser under § 544(a)(3), is subject to all of the constructive notice provisions of the state in which the trustee is attempting to assert his § 544 power." *In re Morgan*, 96 B.R. 615, 618 (Bankr.N.D.W. Va. 1989). "If there is such constructive notice as would preclude a bona fide purchaser from prevailing under state law, then the trustee cannot prevail under § 544(a)(3)." *Id*. As articulated by the Supreme Court of Appeals of West Virginia, constructive notice is "[s]uch notice as is implied or imputed by law, usually on the basis that the information is a part of a public record or file, as in the case of notice of documents which have been recorded in the appropriate registry of deeds or probate . . . ." *Trumble v. GMAC Mortgage (In re Williams)*, 213 W. Va. 780, 784 (2003) (citation omitted).

Here, there is no dispute that TBW recorded prepetition its Deed of Trust securing its interest in the Property. Nonetheless, the Defendants assert that they are entitled to summary judgment on the Trustee's action under § 544(a)(3) because the purported assignment of TBW's Deed of Trust to Nationstar is not recorded in the county clerk's office. The Trustee thus asserts that, as of the petition date, he did not have notice, constructive or otherwise, of either TBW's purported assignment of the Deed of Trust to Nationstar or a security interest held by a viable

entity. His argument in that regard is grounded in the fact that TBW was a defunct, bankrupt entity as of the commencement of the Debtor's bankruptcy case. That fact, however, coupled with the fact that TBW recorded its Deed of Trust, precludes summary judgment to the Defendants on the Trustee's claim under § 544(a)(3). Assuming, for the sake of argument, that the Trustee did not have notice of TBW's purported assignment to Nationstar, he did have constructive notice of TBW's Deed of Trust. Therefore, the Defendants are not entitled to summary judgment on the Trustee's claim under § 544(a)(3) because the Trustee had notice of TBW's lien against the Property such that he cannot qualify as a bona fide purchaser under § 544(a)(3).[4]

### B. Nationstar's Motion for Summary Judgment

Nationstar asserts that the court should grant it summary judgment and recognize its lien against the Property based upon one of two theories: that it can enforce the Note as bearer paper because it possesses the Note, which is endorsed in blank; and that the Affidavit of Lost Assignment otherwise establishes its interest in the Note and Deed of Trust. In support of its respective theories, Nationstar argues that possessing the Note endorsed in blank gives it the ability under West Virginia law to enforce the security instrument securing the Note and that the Affidavit of Lost Assignment is sufficient, particularly in the absence of contrary evidence, to establish that it received an assignment from TBW of the Note and Deed of Trust but lost the assignment before recording it in the county clerk's office.

The Defendants oppose Nationstar's request for summary judgment based upon the following: Nationstar's alleged inability to produce the original Note containing the Debtor's "wet" signature; their allegation that TBW's purported assignment of the Note is not authentic; and because the Debtor's Note is allegedly not included among the notes that are the subject of a stipulation and agreed order between TBW and Federal Home Loan Servicing Corporation

---

[4] Notably, the Defendants assert that as of the petition date in this case there was no viable entity able to enforce the Deed of Trust because TBW filed for bankruptcy relief in 2009. The creation of TBW's bankruptcy estate, and the fact that its interests in the Note and Deed of Trust became property of its bankruptcy estate, belie that assertion. Even if the Trustee obtained an interest in the Property superior to that of Nationstar, his interest would still be subordinate to that of TBW's bankruptcy estate or any transferee of that interest therefrom. In either scenario, the Trustee's status under § 544(a)(3) does not give him the power to avoid the lien against the Property.

6

("Freddie Mac") emanating from TBW's bankruptcy case and upon which Nationstar relies in its Affidavit of Lost Assignment.

A negotiable instrument indorsed in blank is payable to the bearer of the instrument and may be negotiated by transfer alone until specially indorsed. W. Va. Code § 46-3-205(b). Additionally, the holder of the instrument indorsed in blank is entitled to enforce the instrument. W. Va. Code § 46-3-301.

> A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person . . . and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person . . . .

W. Va. Code § 46-3-309(a). "A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument." W. Va. Code § 46-3-309(b).

Here, Nationstar is not entitled to summary judgment under either of its theories because there are disputed material facts relevant to each. First, the record at this stage of the proceeding does not support Nationstar's assertion that it is the holder of the Debtor's Note. To support its contention in that regard, Nationstar has produced a photocopy of the Note. The Defendants do not contest that the photocopy produced by Nationstar is, in fact, a photocopy of the Note that the Debtor signed. The disputed material fact, however, is whether TBW's indorsement of the Note to Nationstar is legitimate. In that regard, the photocopy of the Note does not resolve the disputed material fact because without the original Note, the court cannot find that the purported indorsement was made at the time TBW purportedly assigned the Note. It is just as likely, for instance, that the indorsement was added to the photocopy at or near the time Nationstar discovered the gap in the chain of assignments and sought to enforce its purported rights in the Property. That is not to say that Nationstar cannot ultimately prevail on its Complaint. The court simply believes that a genuine dispute of material fact is extant such that it cannot award summary judgment to Nationstar.

Regarding Nationstar's assertion that the Affidavit of Lost Assignment otherwise establishes its interest in the Note and Deed of Trust, the court similarly finds a genuine dispute of material fact; namely, whether the Debtor's Note was one included in the bundle of

7

instruments transferred to Nationstar pursuant to the stipulation and agreed order between TBW and Freddie Mac in TBW's Chapter 11 bankruptcy case. That fact is material because the alleged assignment pursuant to the stipulation and agreed order is what Nationstar relies upon in seeking recognition of its lien against the Property. And a genuine dispute exists because, as the Defendants note, the express terms of the stipulation and agreed order reference the transfer of only TBW's right to service loans owned by Freddie Mac. The record before the court is devoid of any evidence that the Debtor's Note was owned by Freddie Mac and included in the bundle of instruments transferred to Nationstar.[5] Moreover, Nationstar's assertion in the seventh numbered paragraph of its Complaint—that "[i]t appears that such assignment(s) either were *never completed* or never recorded" (emphasis added)—belies that contention.

## IV. CONCLUSION

Based on the foregoing, the court does hereby

**ORDER** that the parties respective motions for summary judgment (Docs. No. 124 and 125), filed February 6, 2015, are DENIED.

---

[5] Notably, the Defendants offer a printed screenshot of a search of Freddie Mac's website that they purportedly conducted as evidence that the Debtor's Note is not a Freddie Mac loan. Nationstar contends that the Defendants' search in that regard is flawed, but it offers no countervailing evidence to establish that the Debtor's Note is one of the instruments identified by the stipulation and agreed order between TBW and Freddie Mac that was entered in TBW's bankruptcy case. Rather, it simply relies upon a conclusory statement that "[Freddie Mac] became the owner of the Debtor's loan and retained [Nationstar] as the loan's servicer." *See* Ex. 1, ¶ 6 of Nationstar's Motion for Summary Judgment. It seems to the court that although TBW is defunct, evidence in that regard may lie in the possession of Freddie Mac or an employee thereof.